____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

JAN 21 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RUSSELL MYRLAND,<br><br>Defendant. | NO. MJ11-30<br><br>COMPLAINT FOR VIOLATION<br><br>18 U.S.C. § 875(c) |

Before the Honorable Mary Alice Theiler, United States Magistrate Judge, at Seattle, Washington.

## COUNT ONE

**(Transmission of Threatening Interstate Communication)**

On or about August 30, 2010, at Kirkland, within the Western District of Washington and elsewhere, DAVID RUSSELL MYRLAND knowingly did transmit in interstate and foreign commerce a communication containing a threat to kidnap and injure the person of another, in that he used a computer and the Internet to transmit, by commercial and interstate electronic mail ("e-mail"), a message addressed to J.M., the

COMPLAINT - 1
U.S. v. Myrland

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Mayor of the City of Kirkland, which message was received at a City of Kirkland computer server, and in which message DAVID RUSSELL MYRLAND threatened to use force to "arrest" J.M. in her home.

All in violation of Title 18, United States Code, Section 875(c).

And the undersigned Complainant, Special Agent John Dean, hereby further states as follows:

## I. INTRODUCTION AND AGENT BACKGROUND.

1. I, John Dean, am a Senior Special Agent in the United States Department of Homeland Security (DHS), National Protection and Programs Directorate (NPPD), assigned to the Federal Protective Service (FPS), Arctic Northwest Region, in Federal Way, Washington. I have been a Special Agent with FPS for eleven (11) years. Prior to my becoming a Special Agent, I had been a Police Officer with FPS for four (4) years. Prior to my employment with the FPS, I was a Police Sergeant with the Department of Defense Police for three (3) years, and a Security Policeman with the United States Air Force for six (6) years. I have attended, and graduated, formal training academies for each of the organizations listed. Additionally, I have received formal, informal, and experience-based training on the conduct of Protective Investigations throughout my career. Part of my duties entails the response, and investigation of threats to individuals and Government organizations.

2. As set forth below, there is probable cause to believe that DAVID RUSSELL MYRLAND has committed a violation of Title 18, United States Code, Section 875(c), which prohibits the interstate communication of threat to kidnap or injure any person.

3. This Complaint is based on my own investigation and on information provided to me by other law enforcement officers. This Complaint is submitted for the limited purpose of showing probable cause to arrest DAVID RUSSELL MYRLAND, and therefore does not contain every fact known to me about this investigation.

COMPLAINT - 2
U.S. v. Myrland

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## II. SUMMARY OF PROBABLE CAUSE.

### A. THE KIRKLAND TRAFFIC STOP AND ARREST.

4. Based on my investigation, and a review of reports provided by the Kirkland Police Department and the King County Prosecuting Attorney's Office, the events leading to this complaint began on August 10, 2010. On that date, Kirkland Police Department Officers observed a red Volvo driving on the 132nd Avenue N.E. in Kirkland without a visible license plate. Officers recognized the vehicle as belonging to DAVID RUSSELL MYRLAND, who was the subject of an earlier "officer safety" bulletin, who had in the past made threats to "arrest" police officers, and was known to possess a 9mm handgun.

5. The officer activated his emergency lights and pulled over the Volvo for not having a license plate. The vehicle turned on to NE 70th in Kirkland and came to a stop.

6. The Kirkland Officer approached the vehicle, and immediately noticed a black semiautomatic Springfield XD pistol lying on the front passenger seat. A loaded magazine was on top of the pistol.

7. Based on the presence of the firearm, the officer advised the driver (later identified as DAVID RUSSELL MYRLAND) to keep his hands on the steering wheel. MYRLAND responded that the gun was not loaded, and that he was allowed to have a gun. He then moved his hands towards the weapon, stating he would show the officer that the gun was not loaded. The officer advised him again to keep his hands on the steering wheel and not to reach towards the weapon.

8. The officer then asked MYRLAND why his vehicle did not have license plates. MYRLAND responded that he did not have to have license plates because he was "not subject to Washington State Laws," or words to that effect. MYRLAND offered to provide the officer with a legal brief explaining why, and claimed the officer lacked the legal authority to stop him.

9. The officer then asked MYRLAND for his driver's license, registration, and insurance information. MYRLAND then reached towards the handgun on the seat next to

COMPLAINT - 3
U.S. v. Myrland

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

him, and the officer again had to order MYRLAND to keep his hands on the steering wheel.

10. MYRLAND then responded to the officer that he did not have a license or registration paperwork, again explaining that he was not subject to the motor vehicle laws of the State of Washington.

11. During the course of the stop, MYRLAND repeatedly claimed that he was not subject to Washington State laws regarding driving, and stated that if he was placed under arrest for violating those laws, he would be constitutionally authorized to come to the officer's residence and arrest him at any time. The officers observed that MYRLAND became very agitated, clenching his fists, and that his face turned red.

12. When additional officers arrived on scene, MYRLAND was removed from the vehicle and searched for officer safety. During the search, officers discovered that MYRLAND was wearing a shoulder holster for the semiautomatic pistol under his jacket. Two additional loaded magazines for the pistol were stored in the holster. MYRLAND told the officers he owned the firearm to "shoot pitbulls."

13. Records checks showed that the vehicle MYRLAND was driving was registered out of the State of Oklahoma, but that the registration in that state was expired. Records also showed that MYRLAND had a suspended driver's license in the third degree. Based on those facts, the officers placed MYRLAND under arrest for driving while license suspended in the third degree and for violation of vehicle trip permits. MYRLAND's vehicle was impounded.

14. Officers read MYRLAND his rights, and he responded that "Apparently the Constitution doesn't apply to me, so I must be crazy."

15. During transport to the Kirkland Police Department, MYRLAND became agitated and began to yell. He informed the officer that the City had put the officer in a "dangerous position" and that MYRLAND was in a position to "arrest" the officer due to the "unlawful" nature of MYRLAND's arrest. MYRLAND also stated that he was extremely upset at the Mayor of the City of Kirkland, and would be submitting affidavits

to the Superior Court regarding her treatment of him.

16. MYRLAND was booked and released, and asked to speak with the arresting officer. The officer advised him that he would not release MYRLAND's firearm to him, which caused MYRLAND to become enraged and yell. MYRLAND stormed out of the Police Department, and yelled at a number of officers outside the building.

**B. THE EMAIL THREAT - COUNT ONE.**

17. My investigation has revealed that on or about August 30, 2010, Defendant sent the following email to the official City of Kirkland email account for the Mayor of Kirkland (XXXXX@ci.kirkland.wa.us) from the email address governthis@hotmail.com:

> On Friday, September 3, 2010, I , David Russell; Myrland, will apply to a panel of Americans to offer evidence of felonious conduct on your part, which constitutes an ongoing threat to Public Safety, hoping to cause the issuance of a "WRIT OF PROBABLE CAUSE" to substantiate the arrest of your person under RCW 9A.16.020. Upon the issuance of said Writ, 50 or more concerned Citizens with knowledge of your crimes will enter your home and arrest you, to take you to competent authorities as provided by law. DO NOT RESIST as these Citizens will be heavily armed and will meet all resistance with all necessary force, as provided by law. If you default or otherwise do not appear, and if my application is granted, I would advise you to keep your front and back doors to your home UNLOCKED to better facilitate your lawful arrest."

The Mayor contacted the Kirkland Police and filed a report of the incident.

18. On September 8, 2010, a Kirkland Police Department Detective contacted MYRLAND via telephone in regards to the email. The Detective recognized the voice of the individual he spoke with on the telephone as that of MYRLAND from his past interactions with MYRLAND. MYRLAND stated he was aware of the email the Detective was referring to, and admitted he had authored and sent the email to the Kirkland Mayor at her City of Kirkland email address.

19. MYRLAND went on to claim that he had the legal right to effect a citizen's arrest of the Mayor of Kirkland due to her unwillingness to address a legal problem he was having with the City of Kirkland, and intended to follow through with arresting the

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Mayor.

20. I know that email accounts whose addresses end in "@hotmail.com" are controlled by Microsoft. A review of the header information for the email sent by MYRLAND indicates that the "header" contains the initials "SNT." According to Microsoft personnel, this means that the email was transmitted via a server in San Antonio, Texas. The email therefore was transmitted in interstate commerce.

21. I recently interviewed the Mayor and she stated she was fearful for her safety and that of her family due to the Defendant's email message. I respectfully submit that her fear was objectively reasonable, particularly given the context of MYRLAND's other interactions with Kirkland employees. Based on the foregoing, I respectfully submit there is probable cause to believe that MYRLAND sent a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c).

C. **OTHER THREATS.**

22. This email threat was but one of a number of threats made by MYRLAND against individuals employed by the City of Kirkland, which provide additional context to the threat charged in Count One.

23. For example, on September 3, 2010, a Kirkland Assistant City Attorney, O.R. received a telephone call on his home telephone. The caller identification system on O.R.'s telephone identified the number calling as 425-556-9828, "David Myrland." The male caller left the following voice mail message: "Keep your doors unlocked. Don't resist. You're going to be meeting people."

24. O.R. recognized the voice on the message as that of the MYRLAND from numerous in-person professional interactions in the past. O.R. contacted the same Detective with the Kirkland Police Department, and provided a copy of the voice mail message. The Detective also recognized MYRLAND's voice on the recording from past interactions with the Defendant.

25. On September 8, 2010, the Detective contacted MYRLAND via telephone in regards to the voice mail. MYRLAND admitted he had placed the telephone call and

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

left the voice mail message. MYRLAND stated he had the legal right to effect a citizen's arrest of O.R. due to his unwillingness to address a legal problem he was having with the City of Kirkland, and intended to follow through with arresting O.R. O.R. has told me he was fearful for his safety and that of his family due to the Defendant's voice mail message.

26. The King County Prosecuting Attorney's Office ultimately charged MYRLAND with state offenses related to the threats made against the Kirkland Mayor and Assistant City Attorney. Those charges are pending as of the date of this Complaint.

27. In response, MYRLAND has continued to claim that he is not subject to the laws of the State of Washington, and that he has the authority, and the intention, to arrest state and local officials whom he feels are somehow violating his rights by continuing to prosecute his various local offenses. MYRLAND has also enlisted others to make threats on his behalf.

28. On or about December 27, 2010, the City of Kirkland received a six-page letter from a "D.W." with an address in Little Elm, Texas. The letter was delivered by U.S Mail. The letter refers to the elected King County Prosecuting Attorney, D.S., and also to O.R., as engaging in the "malicious prosecution" of people who think like MYRLAND. It goes on to detail, at some length, how the City of Kirkland violated MYRLAND's rights in regards to the traffic stop referred to above, and how the King County Prosecuting Attorney was now wrongfully prosecuting MYRLAND for the statements he made to the Mayor and the Assistant City Attorney.

29. The letter further states that it is "lawful for a private citizen to use deadly force in attempting to apprehend a fleeing felon," and that "an assault is lawful when necessary by a person arresting one who has committed a felony - that is, by a private citizen." It concludes in part that "We the people see [the Mayor of Kirkland and the Assistant City Attorney] as the criminals, and if Mr. [S] knows what's good for him he'll either prosecute them instead, or he can expect the use of force against his person if he intervenes on behalf of any criminal victimizing anyone I know. The same is true of the

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Kirkland police and city officials."

30. My investigation shows that similar letters were sent to the King County Superior Court and to the Washington State Bar Association during the same time frame.

31. On January 13th, 2011, I called MYRLAND's home telephone. The person who answered the phone identified himself as David MYRLAND upon answering the telephone. I told MYRLAND I was investigating some letters sent to the City of Kirkland, Superior Court of King County, and the Washington State Bar Association, apparently on his behalf. I described the content of the letters, and noted that his name was mentioned several times in them. I asked MYRLAND if he was aware of these letters, their content, and who wrote them.

32. MYRLAND stated he was aware that letters were being sent to various government organizations on his behalf, and was aware that the content of the letters involved him and his conflicts with the City of Kirkland and other entities. I then asked MYRLAND if he had written the letters, and he stated he had not. However, MYRLAND admitted that he had provided the information contained in the letters to people via the internet, so they could research his conflicts and draft their own letters of support.

33. I asked the defendant if he knew the authors of two letters in particular, D.W and S.W., and how I might contact them to speak with them. The defendant stated he did not know them personally, but did know who they were through interaction on the internet, and did not know how to contact them directly via telephone or any other method.

34. MYRLAND gave me the addresses of two Internet websites to research information concerning his conflicts with local municipal governments: www.noconfidence.com/cc.doc (site 1), and www.Talkshoe.com/tc/74235 (October 2nd, 2010 edition) (site 2). I found both sites on the Internet and observed the following.

35. Site 1 contains a 26 page "Civil Complaint for money damages and other relief." MYRLAND stated he had authored this document. The document discusses

MYRLAND's conflicts with the City of Kirkland and King County, and reiterates MYRLAND's opinion that he is not subject to compliance with the Revised Code of Washington, and is being unlawfully persecuted by the respective City of Kirkland and King County court systems. The document explains MYRLAND's belief that he can legally arrest Kirkland and other municipal officials. On page nine of the document, MYRLAND states that "[t]his leaves only deadly force as the sole remedy under RCW 9A.16.020, for there are no competent authorities to receive the arrested felons, and therefore no prosecutorial authorities to hold any offender so arrested to the letter of the law. Plaintiffs will go to prison for reporting crime by municipal authorities, or for protecting themselves as provided by law against such crime. What level of force is 'necessary' force, in such an instance?" Obviously, this language is very similar to the letters sent to the City of Kirkland, the WSBA, and the King County Superior Court.

36. Site 2 contains an audio recording of MYRLAND talking on a "radio" show. I recognized MYRLAND's voice from our phone conversation, and the speaker identified himself by name as MYRLAND in the recording. In the recording, the defendant describes his conflict with municipal authorities in the City of Kirkland and in King County. During the recording, MYRLAND tells people to go to a website, print out a letter and describes how to mail them in, and to whom. In return, anyone who presents proof of this will receive copies of MYRLAND's audio teachings. It should be noted that the specific letters mentioned in this recording do not appear to be the same letters that are the subject of this complaint, which contain direct threats in them (the West Letters); rather, they appear to be a prior set of letters, in which the threats to arrest and such are posed as questions. Nonetheless, based on the similarity between the letters and MYRLAND's own writings, and his admissions to me that MYRLAND has solicited others two write government officials on his behalf, I believe there is probable cause to believe that MYRLAND aided and abetted the mailing of the threatening letter charged in Count 2, in violation of 18 U.S.C. 876(c).

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CONCLUSION

37. For the reasons set forth above, I respectfully submit that an arrest warrant should be issued for DAVID RUSSELL MYRLAND for violations of 18 U.S.C. §§ 845 and 876.

_____
JOHN DEAN
Senior Special Agent, Department of Homeland Security

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendant committed the offenses set forth in the Complaint.

Dated this 21 day of January, 2011.

_____
The Honorable Mary Alice Theiler
UNITED STATES MAGISTRATE JUDGE

COMPLAINT - 10
U.S. v. Myrland

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970