MR. DAVID MYRLAND
REGISTRATION NO. 40941-086
FEDERAL DETENTION CENTER
POST OFFICE BOX 13900
SEATTLE, WA 98198-1090

November 30, 2011

Hon. Ricardo S. Martinez
United States District Judge
US District Court for the Western District of Washington
700 Stewart Street
Seattle, WA 98101

    Re:    United States v. David Myrland
             CR 11 – 057 RSM

Dear Judge Martinez:

I first want to apologize for my insistence upon a continuance at the Nov. 18th sentencing hearing, but I'm sure you appreciate the peril posed by facing "new evidence" at such an important juncture in this case. The continuance has had benefits I had not anticipated which come in the form of clarification of certain aspects of my view of my conduct I had not yet realized, but which I now understand.

First, let me say that I know that I am guilty, I have pled guilty, and I have accepted full responsibility for my conduct. My expression of confusion over the vagueness of the plea agreement has been used against me to say that I think I'm innocent and that I do not take responsibility for the conduct now held to be "kidnapping and injury" or unlawful violence. In the DOJ's sentencing memorandum, however, no explanation or clarification has been offered me, despite the voluminous reflections I've provided to show the basis for my confusion.

Second, if I thought I was talking to the Court and to the DOJ in my emails I certainly would have been more verbose, lest I be misunderstood. (See Nov. 18, 2011 gov't exhibits). I did indeed apologize in my letter to PSI S. McNickle but should have said in my email "not apologetic enough." (See gov't Ex. #6). Gov't Ex. #2 is incomplete and was purged from my email account many months ago so I am unable to reflect upon this fragment. I need to make a living and my seminars have nothing to do with, and make no mention of, the instant case or controversy, and my courses create NO victims; disclaimers are everywhere. (See gov't Ex. #5). Everybody, including my friends, face prosecution in kind if they inform City of Kirkland that they intend to discuss the conduct of its officials with others, and they have the right to avoid trouble and against being forced to speculate. (See gov't Ex. #7). Other emails precede this court's Feb. 24, 2011 ruling that references to WA state law constitute unprotected speech. This surprised me and I lacked this perspective prior to that date.

U.S. v. David Myrland, CR 11 – 057 RSM    Page 1
Exhibit D: Defendant's Second Letter to the Court
November 30, 2011

Third, the PSI's recommendation for a longer sentence is based, in part, on his perception that I claim to be a victim. The DOJ has not sought to dispute my factual allegations about my bill of sale, false arrest, malicious prosecution and others. Kirkland officials have had over two years to dispute my allegations and have not. Am I a victim? Mr. McNickle also points to cases against me which were dismissed as the basis for an enhanced sentence. Many 'driving while poor' citations early on and ineligibility for a driver's license due to poverty. Assault case dismissed under a finding of self defense, hit and run dismissed because no such thing occurred, disorderly conduct dismissed because it was in my own bedroom, 4th degree assault (I pointed at a police officer without touching him, police had no probable cause to give me orders in my own home) dismissed, etc. I mention these because the presumption that all of these are founded reflected by the PSI's recommendations is very prejudicial and is wholly without merit. I don't mean to be confrontational, but I have been unduly kept on the defensive from the onset of these proceedings.

On Nov. 18th after a continuance was granted, counsel urged me to concentrate on allocution and not upon the "new evidence" or the DOJ's memorandum, to give the court the credit for having a mind of its own, that it can see through the misrepresentations the prosecution's made in its sentencing memorandum. For example, my factual allegations in my letters are conceded, and Mr. Lombardi follows up by calling my advice to all that they pay the IRS what it says they owe and that they start a home business to claim the allowable deductions an act of "tax fraud." My reliance upon U.S. Dist. Court decisions mandating that those who sue for foreclosure produce the original note is a "real estate mortgage fraud scheme." Etc. The court can see the former but not the latter.

In conclusion, while the offending conduct is seemingly unclear, the memorandum contains certain truths of which the court can be sure. I AM "a very intelligent individual," so smart that in early October 2010 I had already financed another automobile with a dealer in Denver, CO, one with plates and in great repair, I had planned already to pay the fine on the May '09 citation that started this controversy, and I was then going to obtain a driver's license and continue forward without looking back; Kirkland in my rear view mirror.

My last act would have been my presentation of documents and testimony to an independent panel of concerned adults to see if they agree with my accusations. I then could resume my research into production of high output HHO generators and the procuring of patents in relation thereto. I have opportunities relating to a solvent recipe which, without using electric generators, acts to separate crude oil from sand (Canadian tar sands) and from other sediments, and which leaves behind only a biodegradable / non-toxic byproduct. This should serve to illustrate that this interaction with Kirkland was to become, and will become, the last thing on my mind; I am too smart to reoffend - it can't happen. I've spent over nine months in federal prison under standards which appear to be a precedent, the first time a citizen's arrest is deemed "kidnapping and injury." Who would have known?

The court, the DOJ, and City of Kirkland officials clearly knew of this standard from the onset of my criminal complaining but I was not edified until my imprisonment. With this perspective, at which counsel and I arrived through our Nov. 18th post hearing conference, I believe I now understand how I must have appeared to Joan McBride and to Oskar Rey whenever I referenced

with favor the citizen's arrest of their persons. The possibility that such an arrest would be illegal never entered my thoughts, for my frustration and distress obscured it from view and consideration, as well as my view of my alternatives. As a consultant of so many years I know very well the threat an unlawful or false arrest can cause, and I am very sorry to have so clumsily caused it to happen to someone else, especially in light of what I know I call all those who would so threaten another.

The bright lines I perceived, undoubtedly due to how I was always forced to approach tax law interpretation and application, do not exist. An example of this variance is how, as counsel pointed out, the court and others see no difference between my indictment and the factual allegations in the plea agreement, whereas I mistakenly perceived many. I indeed CAN now understand how others have viewed my conduct and I hereby apologize for my haste and my conduct now revealed to be unduly menacing. Anyone who believes that I need more confinement to punish me or to convince me I was wrong is mistaken. The court, the DOJ, and City of Kirkland can count on me to pursue alternatives I failed to exploit in the past, and to exercise more logical judgment, now and in the future. I look forward to the opportunity to apologize in person, and to convey a message of rehabilitation, at my sentencing hearing.

Respectfully submitted,

David R. Myrland